UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRACY STANILAND,<br>*on behalf of herself and those similarly situated,*<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>J.C. CHRISTENSEN & ASSOCIATES, INC.;<br>JEFFERSON CAPITAL SYSTEMS LLC and<br>JOHN DOES 1 to 10,<br><br>　　　　　　　　Defendants. | Civil Action No.<br><br>2:15-cv-08445-JMV-MF<br><br>JOINT DISCOVERY PLAN<br><br>Rule 16 Conference Date:<br>March 9, 2016 |

**1.** **Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.**

　　Plaintiff's Position: Plaintiff brings this class action alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") by making a misleading statement that "if the amount of debt forgiven as a result of settlement is equal to or greater than $600.00, your current creditor may be required by Internal Revenue Code section 6050P to report the forgiven debt to the IRS and issue a form 1099c." Such statement "does not accurately reflect the relevant law; in this respect, it is not true. In addition, the statement's invocation of the IRS is deceptive and misleading." *Good v. Nationwide Credit, Inc.*, 55 F. Supp. 3d 742, 749-50 (E.D. Pa. 2014); *see also Pape v. Law Offices of Frank N. Peluso, P.C.*, No. 3:13 CV 63 (JGM), 2016 U.S. Dist. LEXIS 694, at *27-8 (D. Conn. Jan. 5, 2016) (Statement that "[w]e may also report this to the IRS as Debt Cancellation Income pursuant to IRS Reg. § 1.61-12 if payment is not received" violates the FDCPA where "defendant . . . could not report the cancellation of plaintiff's debt to the IRS[.]"); *Wagner v. Client Services, Inc.*, Case No. 08-5546, 2009 U.S. Dist. LEXIS 26604, at *12, 2009 WL 839073 (E.D. Pa., March 26, 2009) ("By failing to attribute the nature of the debt that may be discharged to principal and non-principal amounts, Defendant has not shown that its letter is literally true."); *Kuehn v. Cadle Co.*, Case No. 5:04-cv-432, 2007 U.S. Dist. LEXIS 25764, 2007 WL 1064306 (M.D. Fla., April 6, 2007) (This includes a statement that a 1099 must be issued when a 1099 is not required.).

　　Further, many classes have been certified concerning these claims. *See Sledge v. Sands*, 182 F.R.D. 255 (N.D. Ill. 1998) (class certified); and *Follansbee v. Discover Fin. Servs.*, Case No. 99 C 3827, 2000 U.S. Dist. LEXIS 8724, 2000 WL 804690 (N.D. Ill. June 14, 2000) (Granting final approval of the proposed class action settlement and application for

attorney fees and incentive award for confusing debt collection letter about canceled debt tax liability.)

Defendant's Position: Defendants deny any violation of the FDCPA or any other applicable collection laws. The language included on Defendant's collection letter is inherently not misleading to a consumer because the cited sentence states only that the creditor "may" be required to issue a 1099c form. Indeed, including each and every regulation regarding the issuance of a 1099c on the collection letter is more likely to confuse than assist a consumer.

Defendant Jefferson Capital Systems, LLC, denies that it is a debt collector and is therefore not subject to the FDCPA. Defendant J.C. Christensen & Associates, Inc., assets that any alleged violation, if true, was the result of a *bona fide* error and resulted despite the maintenance of procedures reasonably adapted to avoid such error. *See* 15 U.S.C. § 1692k.

Defendants jointly assert that this Court lacks jurisdiction to hear this matter, as raised in their joint Affirmative Defenses. Specifically, an arbitration agreement underlying the debt governs this dispute, and Defendants have raised and invoked the arbitration clause, which they are presently negotiating with Plaintiff.

Finally, Defendants generally deny that class resolution of this action is appropriate as, amongst other reasons, individual questions of law and fact predominate and class action resolution is not superior for the putative class members.

2.  **Have settlement discussions taken place?**

    No.  Plaintiff has requested the class size and net worth information of the Defendants in order to evaluate this putative class action.

    Additionally, Defendants do not believe this action may be properly maintained in this Court or as a class action.

3.  **The parties have not exchanged the information required by Fed. R. Civ. P. 26(a)(1).**

    Parties will provide disclosures within 10 days after the initial conference.

4.  **Describe any discovery conducted other than the Rule 26 disclosures.**

    None.

5.  **Describe any Motions any party may seek to make prior to the completion of discovery.**

    Defendants anticipate filing a motion for referral to arbitration if the parties are not able

to privately resolve the issue.

6. **The parties propose the following:**

   a. **Discovery is needed on the following subjects:** All matters relevant to the merits, Rule 23 and affirmative defenses.

   b. **Should discovery be conducted in phases?** No.

   c. **Number of Interrogatories by each party to each other party:** Twenty-five (25) interrogatories for each side.

   d. **Number of Depositions to be taken by each party:** 10

   e. **Plaintiff's expert report due on:** no later than ninety (90) days after the conclusion of factual discovery.

   f. **Defendant's expert report due on:** no later than sixty (60) days after service of the Plaintiff's expert report.

   g. **Motions to Amend or to Add Parties to be filed by:**

   Plaintiff's Position: no later than ten (10) days after the conclusion of factual discovery.

   Defendant's Position: At least two months prior to the close of fact discovery, such that the parties have adequate time to conduct any additional depositions or conduct such additional discovery as necessary to explore any additional amendments or parties.

   h. **Dispositive motions (including motions for class certification) to be served within 60 days of completion of discovery.**

   i. **Factual discovery to be completed:** ten (10) months from the Rule 16 Conference date.

   j. **Expert discovery to be completed:** As set forth above.

   k. **Set forth any special discovery mechanism or procedure requested:**

   The parties consent to the entry of a protective order which conforms to L.Civ.R. 5.3(b) and Appendix S.

   Regarding ESI, defense counsel represents that Defendants have:

   (i) reviewed with the client the client's information management systems including computer-based and other digital systems, in order to understand how information is stored and how it can be retrieved;

(ii) reviewed with the client the client's information files, including currently maintained computer files as well as historical, archival, back-up, and legacy computer files, whether in current or historic media or formats, such as digital evidence which may be used to support claims or defenses;

(iii) identified the custodians of its electronically stored information;

(iv) those custodians have been instructed to place a hold on that information pending any changes arising from the E-Discovery conference per item 8(c)(2), above; and

(v) identified, or no later than the E-Discovery conference per item 8(c)(2), above, will identify a person or persons with knowledge about the client's information management systems, including computer-based and other digital systems, with the ability to facilitate, through counsel, reasonably anticipated discovery.

Pursuant to Fed. R. Civ. P. 29, the Parties stipulate:

A. FORM OF WRITTEN DISCOVERY. Interrogatories, requests for production and requests for admission shall be served with an electronic copy in Microsoft Word format.

B. SERVICE OF DISCOVERY ITEMS BY EMAIL. Discovery demands and responses may be served by email using counsel's ECF email address. The email may attach the items or include a link in the body of the email to download the document. All documents served in this manner are deemed to be originals for all purposes in this lawsuit.

C. CONDUCT OF DEPOSITIONS: In accordance with the enumerated guidelines in *Hall v. Clifton Precision, a Div. of Litton Sys., Inc.*, 150 F.R.D. 525, 531 (E.D. Pa. 1993).

l.  **A pre-trial conference may take place on:** To be determined.

m. **Jury trial.**

n. **Trial date:** pursuant to the Court's further directive.

7. Do you anticipate any discovery problems(s)?

No.

8. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?

No.

9. State whether this case is appropriate for voluntary arbitration (pursuant to **L.Civ.R.** 201.1 or otherwise), mediation (pursuant to **L.Civ.R.** 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state

**whether any such procedure may be appropriate at a later time (*i.e.*, after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).**

  Plaintiff's Position: Plaintiff agrees to participate in mediation after Defendants have provided discovery as to the size of the putative class and its net worth. Such mediation will only be productive, however, once the parties have complete information regarding the size and scope of Plaintiff's proposed class.

  Defendant's Position: Defendants do not agree to voluntary arbitration or mediation. This matter is subject to a valid and binding mandatory arbitration clause, as attached to Defendants' joint Answer and Affirmative Defenses.

  In the event that some portion of the binding arbitration agreement is held invalid, Defendants consent to participation in a mediation or other form of nonbinding dispute resolution.

**10. Is this case appropriate for bifurcation?** No.

**11. We do not consent to the trial and/or dispositive motions being conducted by a Magistrate Judge.**

            Counsel for Plaintiff:

            *s/Yongmoon Kim*
Dated: March 1, 2016    Yongmoon Kim
            KIM LAW FIRM LLC
            411 Hackensack Ave 2 Fl.
            Hackensack, NJ 07601
            201-273-7117

            Counsel for Defendant:

            *s/Marc D. Haefner*
Dated: March 1, 2016    Marc D. Haefner
            CONNEL FOLEY LLP
            85 Livingston Avenue
            Roseland, NJ 07068
            973-535-0500

            *s/Joseph L. Linares*
            Joseph L. Linares
            CONNEL FOLEY LLP
            85 Livingston Avenue
            Roseland, NJ 07068

973-535-0500

973-535-0500